UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

DIANE DEJOHN,

                    Plaintiff,          **No. 6:14-cv-06414(MAT)**
                                        **DECISION AND ORDER**

          -vs-

CAROLYN W. COLVN, Acting
Commissioner of Social Security,

                    Defendant.

─────────────────────────────────

## I.   Introduction

     Represented by counsel, Diane Dejohn ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), challenging the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

## II.   Background

     Plaintiff filed an application for DIB on January 23, 2012, and an application for SSI on February 14, 2012. T.173-85.[1] In both, Plaintiff alleged disability due to depression, anxiety, and trigeminal neuralgia beginning December 31, 2006. T.173-85; 242. After the applications were denied on June 21, 2012, Plaintiff requested a hearing, which was held on December 17, 2013, before

─────────────────

[1]
     Numbers preceded by "T." refer to pages from the administrative transcript, submitted by Defendant as a separately bound exhibit.

administrative law judge John Costello ("the ALJ"). T.26-55. Plaintiff testified, as did impartial vocational expert Peter A. Manzi ("the VE"). By decision dated January 29, 2014, the ALJ found that Plaintiff was not disabled. T.10-20. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 30, 2014. T.1-4. This action followed.

Plaintiff has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure, seeking remand for further administrative proceedings, or reversal for immediate calculation and payment of benefits. The Commissioner has cross-moved for judgment on the pleadings, acknowledging that the ALJ made an error warranting remand for further administrative proceedings. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual recitations contained in the parties' briefs. The record evidence will be discussed in further detail as necessary to the resolution of the parties' contentions.

For the reasons discussed below, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this opinion.

III. Scope of Review

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Social Security Act ("the Act"), the district court is limited to determining whether the

Commissioner's findings were supported by substantial record evidence and whether the Commissioner employed the proper legal standards. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)). "Failure to apply the correct legal standards is grounds for reversal." Townley, 748 F.2d at 112.

**IV. The ALJ's Decision**

The ALJ applied the five-step sequential evaluation process described at 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ found that Plaintiff last met the insured status requirements of the Act on June 30, 2012, and that she had not engaged in substantial gainful activity during the relevant period. T.12, 20. At step two, the ALJ determined that Plaintiff's depression, anxiety, and trigeminal neuralgia constituted "severe" impairments. T.12. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. See T.13-14.

The ALJ then assessed Plaintiff as having the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that due to her mental impairments, she is limited to performing simple work tasks in a environment where she primarily would work alone, with only occasional supervision. T.14-18. The ALJ determined that Plaintiff was unable to perform her past relevant work as a property manager. T.18.

At step five, the ALJ relied on the testimony of the VE that an individual with Plaintiff's RFC and vocational profile would be able to perform the requirements of light, unskilled jobs such as a housekeeper (DOT 323.687-014) and a laundry sorter (DOT 361.687-014). Noting that a significant number of such jobs exist in the national economy, the ALJ concluded that a finding of "not disabled" was appropriate under the framework of Section 204.00 of the Medical-Vocational Guidelines. T.19-20

## V.   Discussion

### A.   The ALJ Misstated a Portion of the Consultative Psychologist's Opinion

Plaintiff contends that the ALJ materially misstated a portion of the opinion issued by the consultative psychologist. Because the ALJ relied on this misstatement in formulating his RFC, Plaintiff argues, the RFC is legally erroneous and not supported by substantial evidence.

Consultative psychologist Dr. Kavitha Finnity, examined Plaintiff on June 7, 2012, at the Commissioner's request. The

diagnoses given were major depressive disorder, post-traumatic stress disorder ("PTSD") (although there is no precipitating event for PTSD described in Dr. Finnity's opinion), and panic disorder without agoraphobia. Dr. Finnity opined, in relevant part, that Plaintiff "is unable to maintain a regular schedule." T.358. However, the ALJ stated that Dr. Finnity found Plaintiff "was capable of . . . maintaining a regular schedule[.]" T.17. The ALJ assigned Dr. Finnity's opinion "some weight," and specifically accepted her finding regarding Plaintiff's ability to maintain a regular schedule. T.17. As the Commissioner acknowledges, by misquoting this aspect of Dr. Finnity's opinion, and then incorporating it into his assessment of Plaintiff's RFC, the ALJ committed reversible error.

**B.   Remedy**

Te fourth sentence of Section 405(g) of the Act provides that a "[c]ourt shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner. . ., with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). Courts have held that a remand pursuant to the fourth sentence of Section 405(g) is appropriate in cases where the Commissioner's decision is the product of legal error. See, e.g., Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) ("Where . . . the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded

to the [Commissioner] for further development of the evidence.") (internal quotation marks omitted).

Plaintiff urges that Dr. Finnity's opinion that she is "unable to maintain a regular schedule" compels a finding of disability. While performing typical work activities in an ordinary work setting on a "regular and continuing basis[,]" SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. 1996), is critical aspect of a claimant's RFC, an ALJ's error in weighing a physician's opinion that a claimant would be unable to adhere to a regular schedule, standing alone, generally has not been held to warrant a finding of disability. See, e.g., Smith v. Astrue, No. 09-CV-470 (TJM/VEB), 2011 WL 6739509, at *7 (N.D.N.Y. Nov. 4, 2011) (remanding for further proceedings where ALJ did not properly weigh consultative examiner's opinion that claimant was "not likely to maintain a regular schedule," "make appropriate decisions," or "appropriately deal with stress"). As the Commissioner notes, Dr. Finnity did not opine that Plaintiff was unable to perform any work-related activities due to her mental impairments; for instance, she found that Plaintiff could learn new tasks, perform complex tasks, make appropriate decisions, and maintain attention and concentration. T.358. Remand is necessary for the ALJ to re-weigh Dr. Finnity's opinion and re-evaluate Plaintiff ability to maintain a regular schedule in light of all of the evidence in the record. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) (it was within province of ALJ to credit treating physician's opinion that

medication prescribed for claimant had stabilized his condition, while not crediting treating physician's opinion that claimant suffered from post-traumatic stress disorder and anxiety disorder that would interfere with his ability to work, where record plainly contained conflicting psychological evaluations of claimant's present condition; ALJ is entitled to resolve genuine conflicts in the evidence).   Furthermore, because the ALJ must re-assess Plaintiff's RFC, it may be necessary for the ALJ to conduct a new step five analysis and obtain additional VE testimony.

**V.    Conclusion**

For the foregoing reasons, Defendant's motion for judgment on the pleadings seeking remand on the basis of the ALJ's misstatement of Dr. Finnity's opinion is granted. Plaintiff's motion for judgment on the pleadings (Dkt #8) is also granted to the extent that the Court finds that the ALJ's misstatement of Dr. Finnity's opinion warrants reversal and remand. Accordingly, the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this opinion.

**SO ORDERED.**

**S/Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:      August 6, 2015
            Rochester, New York

-7-